UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RYAN RANDALL,<br><br>    Plaintiff,<br><br>    v.<br><br>CIRCA DU SOLEIL,<br><br>    Defendant. | Case No. 2:24-cv-00226-APG-EJY<br><br>**ORDER** |

Pending before the Court is the application to proceed *in forma pauperis* ("IFP") and employment discrimination Complaint filed by Plaintiff Ryan Randall against Cirque de Soleil. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and is granted. Plaintiff's Complaint fails to state a claim and is dismissed without prejudice and with leave to amend.

**I.    Screening the Complaint**.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

1  *v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.   Plaintiff's Complaint Fails to State a Claim**.

Plaintiff alleges sex discrimination against Defendant.  To sufficiently allege a *prima facie* case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job for which he applied; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment.  *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)).  However, before Plaintiff can bring this claim, he must exhaust his administrative remedies.

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under both Title VII and the ADEA."  *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted); *Rosseter v. Industrial Light & Magic*, Case No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009) (to exhaust all administrative remedies under the ADEA, plaintiff must allege that he filed an administrative charge with the EEOC within 180 days of when the alleged unlawful practice occurred).  This same rule applies to claims filed under Nevada law.  *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) (internal citation omitted) (NRS 613.420 requires an "employee alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC before filing a district court action"); *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990) (citing *Copeland v. Desert Inn Hotel*, 673 P.2d 490 (Nev. 1983)) (the Nevada Supreme Court holds that "an employee claiming discrimination under NRS 613.420 is obligated to file a

claim with the NERC and to have that agency adjudicate the claim before it can properly be brought in district court").

Plaintiff fails to allege he commenced a process before the EEOC or NERC. Plaintiff also does not attach documents that would demonstrate he received a right to sue letter before filing his Complaint. For these reasons, Plaintiff fails to establish his Complaint is properly before the Court.

### III. Order.

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANETD.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 2-1) is DISMISSED without prejudice for failure to demonstrate exhaustion of administrative remedies before filing his Complaint.

IT IS FURTHER ORDERED that Plaintiff may file a first amended complaint demonstrating exhaustion of administrative remedies no later than **April 5, 2024**. If Plaintiff is unable to exhaust remedies by that date, he must notify the Court on that date through a filing so stating. The Court will dismiss this matter without prejudice allowing Plaintiff to commence a new action once administrative remedies are exhausted.

IT IS FURTHER ORDERED that failure to timely comply with this Order may result in a recommendation to dismiss this case without prejudice.

Dated this 2nd day of February, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE